IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

     Plaintiff,                      No. 2:11-cv-2712 GEB AC P

    vs.

AMRIK BASI, et al.,                <u>ORDER</u> &

     Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are defendants' motion to dismiss (ECF No. 19) and plaintiff's motion for default judgment (ECF No. 21). The motion to dismiss was filed on June 21, 2012 on behalf of defendants Lahey, Naku, Traquina and Villote, and defendant Basi filed a notice of joinder (ECF No. 20) on June 29, 2012. Plaintiff filed his opposition to the motion on July 12, 2012 (ECF No. 22), and defendants subsequently replied (ECF Nos. 23, 24).

BACKGROUND

        The complaint claims that defendants Dr. Amrik Basi, Nurses Lahey and Villote,

1

1  and Drs. Traquina and Naku subjected plaintiff to inadequate medical care at California State
2  Prison (CSP)-Solano in violation of plaintiff's Eighth Amendment rights.  Plaintiff alleges that
3  defendant Basi prescribed a medication called Terazosin for plaintiff's enlarged prostate, without
4  advising plaintiff of the medication's risks and explaining the surgical alternatives.  As a side-
5  effect of the Terazosin, plaintiff developed a blood clot that caused blindness in his left eye.
6  Defendants Basi, Lahey and Villote failed to treat the blindness, which therefore become
7  permanent.  Plaintiff contends that Dr. Traquina, the prison's chief medical officer, and Dr.
8  Naku, the chief pharmacist, failed to ensure that warning labels and/or leaflets are included with
9  prescribed medication.  Plaintiff seeks money damages and injunctive relief in the form of an
10 order that Drs. Traquina and Naku provide warning labels with all medications..

## MOTION FOR DEFAULT JUDGEMENT

12          Default may be entered by the clerk when a defendant fails to plead or otherwise
13 defend.  Fed. R. Civ. P. 55(a).  However, a defendant's default does not automatically entitle the
14 plaintiff to a court-ordered judgment.  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).
15 Default judgments are ordinarily disfavored, but may be granted in the court's discretion under
16 certain circumstances not present here.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.
17 1986) (setting forth factors to be considered on motion for default judgment).  The undersigned
18 need not consider the Eitel factors because there has been no default.  The procedural history of
19 the case demonstrates that no defendant has failed to defend.

20          Plaintiff argues that he is entitled to a default judgment against defendants Naku
21 and Basi because they failed to respond to his complaint within 60 days of service.  ECF No. 21.
22 An executed waiver of service of summons was returned on behalf of defendant Naku on June
23 19, 2012.  ECF No. 18.  The waiver was dated as signed on June 11, 2012.  The waiver indicates
24 that defendant Naku was to file an answer or Rule 12 motion within 60 days of April 6, 2012.
25 The previously served defendants Lahey, Traquina and Villote requested an extension of time on

1  May 18, 2012 (ECF No. 16) and were granted until June 21, 2012 to file their motion to dismiss.
2  ECF No. 17.  The motion to dismiss, filed on June 21, 2012, was filed on behalf of defendant
3  Naku as well.
4         Defendant Basi noticed his joinder in the pending motion to dismiss on June 29,
5  2012, yet an executed summons indicates that defendant Basi was not served until October 9,
6  2012.  ECF No. 25.  By order filed on December 4, 2012, Dr. Basi was required to reimburse the
7  United States Marshal's Service for the cost of personal service or show cause for his failure to
8  waive service.  No statement of cause having been filed within the time provided, defendant Basi
9  should have paid costs no later than December 18, 2012.
10         Plaintiff does not demonstrate a basis for finding that either defendant is in
11  default.  Any problems with service were long ago resolved, and all defendants have appeared
12  and are actively defending by participating in the instant motion for dismissal.

13  <center>MOTION TO DISMISS</center>

14         Defendants move for dismissal of this action under Fed. R. Civ. P. 12(b)(6) on the
15  grounds that: (1) plaintiff's injunctive relief claims are moot and/or precluded by the Plata
16  prisoner class action; (2) the claims are time-barred; and (3) the complaint fails to state claims
17  under the Eighth Amendment upon which relief can be granted.

18  *Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

19         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),
20  a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"
21  it must contain factual allegations sufficient to "raise a right to relief above the speculative
22  level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain
23  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
24  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
25  Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual
26

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Availability of Injunctive Relief*

The complaint alleges that defendants Traquina and Narku, the officials

1 responsible for medical care policies and pharmaceutical practices at CSP-Solano, failed to
2 require warning labels and information about possible side effects to inmates receiving
3 medication.  This failure to warn was a contributing cause of plaintiff's blindness, because he
4 would not have taken Terazosin had he been aware of the risks.  Plaintiff alleges that these
5 defendants had an improper and unconstitutional policy of not providing CSP-Solano inmates
6 with the drug information that patients must receive under state and federal law.  The complaint
7 seeks injunctive relief in the form of an order requiring Drs. Traquina and Narku to provide
8 prescription medication warning labels and/or leaflet information "to all prisoners receiving
9 medication."  ECF No. 1, p. 13.

10 When plaintiff filed the instant complaint he was housed at CSP-Solano, where
11 defendants were employed and the events giving rise to this lawsuit took place.  Plaintiff has
12 since been transferred to San Quentin State Prison.  See ECF. Nos. 6-7.  An inmate's transfer
13 from a prison facility generally moots claims for injunctive relief against officials of that facility.
14 See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive
15 relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has
16 demonstrated no reasonable expectation of returning to [the prison]"); see also Sample v. Borg,
17 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).
18 Although plaintiff requests injunctive relief extending to all prisoners receiving medication, this
19 case is not proceeding as a class action and so the class action exception to the mootness rule
20 does not apply.  See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (inmate's release from
21 prison generally moots claims for injunctive relief related to prison policies unless suit certified
22 as class action).

23 Plaintiff effectively concedes that he can no longer proceed against defendants
24 Traquina and Naku on his claims for prospective injunctive relief.  He nonetheless seeks to
25 maintain his claims for injunctive relief against San Quentin prison officials and pharmacists for
26

5

their allegedly similar failure to provide medical information labels and leaflets with plaintiff's medications. ECF No. 22, p. 6.[1]  San Quentin officials are not defendants in this case, so this court lacks jurisdiction over them and no injunctive relief can be directed to them.  If plaintiff were to prevail on his claims of Eighth Amendment violations by the named CSP-Solano defendants in relation to the treatment of his prostate enlargement, prescription of Terazosin and subsequent blindness, his remedies would be limited to those appropriate to redress those injuries.

To the extent that plaintiff means to allege a CDCR system-wide failure to advise inmates of medication risks, defendants contend that he cannot proceed by way of an individual lawsuit because he is a member of the plaintiff class in Brown v. Plata, __ U.S.__,131 S. Ct. 1910, 1922 (2011).  Plata is a class action of inmates in California state prisons with serious medical conditions.  Plata, 131 S. Ct. at 1922.  Although plaintiff argues that he is not a class member and/or that he wishes to opt out (ECF No. 22), he is necessarily a member of the Plata class because he is an inmate with serious medical needs.[2]  The Ninth Circuit has held that a plaintiff who is a member of a class action for equitable relief from prison conditions may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991) ("Individual suits for injunctive and equitable

---

[1] Plaintiff includes a CDCR Form 22 that he filed at San Quentin complaining that his eyedrops had come without the warning information/leaflet. Id. at 33.  Despite having used the wrong form for his complaint, plaintiff received the label/leaflets with his next prescription eyedrops. Id. at 6, 32.  However, plaintiff states that he has not received the medical information labels with his blood pressure medicine, hence his intention to seek an injunction with respect to the San Quention Prison pharmacists. Id. at 6. Defendants point out that if plaintiff is receiving warning labels and leaflets with his eye drops but not his medication for hypertension, injunctive relief is moot as to that issue and, moreover, plaintiff has not alleged facts showing he has been harmed by not having received the information. Reply, ECF No. 23, p. 2.

[2] This court cannot grant plaintiff's request to opt out of the Plata class action. To do so, plaintiff would have to comply with the applicable procedures under Fed. Civ. P. R. 23.

1  relief from alleged unconstitutional prison conditions cannot be brought where there is an
2  existing class action"); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) ("To allow
3  individual suits would interfere with the orderly administration of the class action and risk
4  inconsistent adjudications.").

5        The Ninth Circuit has not specifically addressed whether, or to what extent, Plata
6  precludes a California inmate from pursuing an independent lawsuit for individual injunctive
7  relief regarding medical care.  This court has located only one published district court decision
8  addressing the matter.  In Burnett v. Dugan, 618 F.Supp.2d 1232 (S.D. Cal.2009), the court
9  granted preliminary injunctive relief to the plaintiff, who sought a court order requiring
10  defendants to adhere to medical instructions with respect to his housing.  The district court
11  observed that plaintiff was "not seeking relief on behalf of all the other inmates in the CDCR" or
12  seeking "broad based reform of the CDCR's medical practices which is the subject of the Plata
13  litigation; rather the injunctive relief he sought was "quite narrow and specific to Plaintiff."
14  Burnett, 618 F.Supp.2d at 1237.  In contrast, the plaintiff here seeks a systemic modification of
15  an alleged prison policy with respect to the dispersal of information labels with prescribed
16  medication.

17        Prison medical care in California is currently governed by a remedial injunction.
18  Plata, 131 S. Ct. at 1926.  In 2005, the court appointed a receiver to oversee remedial efforts in
19  light of the state's failure to comply with the injunction.  Id.  Defendants argue that if plaintiff
20  seeks system-wide injunctive relief, the Plata receiver is a necessary party because he has an
21  interest in the policies under which medications are distributed and whether leaflets should be
22  provided. Under Fed. R. Civ. P. 19(a) (1), a party is necessary and must be joined if:

23        (A) in that person's absence, the court cannot accord complete
24        relief among existing parties; or

25        (B) that person claims an interest relating to the subject of the
      action and is so situated that disposing of the action in the person's
      absence may:
26

7

>
> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(b) provides that if an indispensable party cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Factors to be considered include: (1) to what extent a judgment "rendered in the person's absence might prejudice the person or the existing parties"; 2) the extent to which any prejudice could be avoided; (3) whether judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder. Rule 19(b). See Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 879 (9th Cir. 2004).

As previously noted, plaintiff has not named any defendants nor stated any claims that would support system-wide relief. The complaint's prayer for injunctive relief applicable to all California inmates is not supported by any allegations of an unconstitutional CDCR policy or of constitutional injury to all California inmates receiving prescription medication. Plaintiff's briefing on the motion includes rhetoric in this vein, but that does not transform an individual lawsuit into a class action or otherwise support systemic injunctive relief. If the complaint did allege a system-wide violation and seek system-wide injunctive relief, however, the receiver would be a necessary party because he is responsible for overseeing health care operations in the prisons and ensuring that delivery systems and policies comport with the Eighth Amendment. The receiver is immune from suit pursuant to the Plata injunction, however. See Plata v. Schwartzenegger, et al., 3:01-1351-THE (N.D. Cal.), ECF No. 473 (Order Appointing Receiver) at 5-6 (specifying that receiver acts as officer and agent of the court, and as such is vested with

the same immunities that apply to the court).³  Because he is immune, the receiver could not be joined in this action under Rule 19(a).  Dismissal under Rule 19(b) is appropriate where an indispensable party is immune.  Pit River Home and Agr. Co-op Ass'n v. United States, 30 F.3d 1088, 1099-1100 (9th Cir. 1994).

For the reasons explained above, the claim for injunctive relief against defendants Traquina and Naku must be dismissed as moot.  Leave to amend should not be granted because (1) plaintiff cannot obtain prospective injunctive relief in this action against San Quentin officials, over whom this court has no jurisdiction;⁴ and (2) plaintiff may not seek system-wide injunctive relief over matters within the scope of the Plata litigation.

*Statute of Limitations*

Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 265 (1985); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  In California, a two-year statute of limitations applies.  See Cal. Code Civ. P. § 335.1; Jones, 393 F.3d at 927.  The federal court also apples the forum state's law regarding tolling, including equitable tolling when not in conflict with federal law.  Hardin v. Straub, 490 U.S. 536, 537-39 (1989); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000).  California provides that the applicable limitations period is tolled for two years on grounds of "disability" when a litigant is incarcerated.  Cal. Code Civ. P. § 352.1(a).  This tolling provision operates to delay the running of the limitations period.  Carlson v. Blatt, 87 Cal. App. 4th 646, 650 (2001) (imprisonment tolls

---

³ Several judges of this court have found the receiver immune from suit regarding the exercise of his duties, under the doctrine of quasi-judicial immunity.  See, e.g., Zelig v. Igbinosa, 1:11-cv-01515 LJO DLB, ECF No. 14;   Haller v. Hartley, 1:12-cv-1599 JLT, ECF No. 15; Griffin v. Kelso, 2:10-cv-2525 MCE JFM, ECF No. 35.

⁴ Plaintiff's complaints about his medical care at San Quentin could not properly be joined in this action, but would have to be the subject of a separate lawsuit brought in the appropriate district.

9

running of limitations period for two years from accrual of cause of action); Fink, 192 F.3d at 914 (same); Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (same).

Plaintiff cites a 1968 case, Grasso v. McDonough Power Equipment, Inc., 264 Cal. App. 2d 597 (1968), for the proposition that his life sentence entitles him to life-long tolling. Although prior to 1995 most California prisoners were entitled to tolling for the entire term of their imprisonment, enactment of Cal. Code Civ. P. 352.1(a) limited the period of tolling to two years. Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000). Accordingly, defendants are correct that plaintiff had four years from the accrual of his cause of action to file suit.

Federal law governs when a cause of action accrues in the § 1983 context. Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). A § 1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Knox v. Davis, 260 F.3d 1009, 1012-13 (9th Cir. 2001). Here, defendants argue that plaintiff's claim accrued on February 13 through 16, 2007, the dates that plaintiff first experienced blindness in his left eye and sought medical attention for impaired vision. The onset of symptoms does not necessarily mark the accrual of the cause of action, however. Had plaintiff's blindness been temporary or reversible, there would have been no harm and no cognizable claim. The complaint alleges that plaintiff learned on March 14, 2007 both that his blindness was caused by the Terazosin and that the damage was by that time permanent. Because permanent blindness is the injury that forms the basis of plaintiff's claims, the claim accrued on March 14, 2007. Plaintiff did not have reason to know the nature of his injury until he was seen by doctors at the U.C. Davis Medical Center on March 14, 2007. Accordingly, plaintiff's filing deadline was March 14, 2011. He filed this lawsuit on October 13, 2011,[5] seven months late.

---

[5] The complaint is dated October 13, 2007, and was file-stamped in this court on October 14, 2007 and docketed on October 17, 2007. The date that plaintiff submitted the complaint to prison authorities for mailing is the constructive filing date for timeliness purposes.

Neither party has addressed the issue of possible equitable tolling for the time during which plaintiff was exhausting his administrative remedies as required by the Prison Litigation Reform Act ("PLRA").  See 42 U.S.C. § 1997e(a) (PLRA exhaustion requirement).  In light of petitioner's pro se status, the undersigned considers this issue sua sponte.  The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005); see also Elkins v. Derby, 12 Cal. 3d 410, 414 (Cal. 1974) (under California law, the running of the limitations period is tolled during the time consumed by an administrative proceeding that is prerequisite to suit).[6]  The exhibits to plaintiff's complaint demonstrate that he filed an administrative grievance regarding this matter on April 4, 2007.  ECF No. 1, p. 76.  The grievance was denied at the Director's Level, completing the exhaustion process, on December 4, 2007.  Id. at 74-75; see Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997) (a final decision from the Director's level of review satisfies the exhaustion requirement).

If the eight month period during which plaintiff was pursuing his administrative remedies is excluded from calculation of the four-year total period provided by the combined operation of Cal. Code Civ. P. §§ 335.1 and 352.1(a), then the complaint was timely.  If the period of administrative exhaustion is subsumed within the initial 2-year period of tolling for disability under Cal. Code Civ. P. § 352.1(a), however, it would have no net effect on plaintiff's deadline and the complaint is time-barred.  Whether the exhaustion period is properly excluded from computation of the deadline is far from clear, however.  No binding authority considers the question, and the unpublished district court decisions are divided.  See, e.g., Lopez v.

---

Houston v. Lack, 487 U.S. 266, 275-76 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009).

[6]  See also Cal. Code Civ. P. § 356 (when the commencement of an action is stayed by injunction or prohibited by statute, the time of the injunction or prohibition is not part of the time limited for commencement of the action).  The PLRA is a statute that prohibits commencement of an action prior to exhaustion.

11

Schwarzenegger, 09-cv-1760 MCE GGH P, 2012 WL 78377 at * 5 (E.D. Cal. Jan. 10, 2012) findings and recommendations adopted, 2:09-CV-01760 MCE, 2012 WL 671680 (E.D. Cal. Feb. 29, 2012) (when two or more reasons for tolling co-exist, common sense dictates concurrent, not consecutive, tolling); Gutierrez v. Butler, 06-cv-2684 LKK EFB P, 2008 WL 436948 (E.D. Cal. Feb. 14, 2008) findings and recommendations adopted, 06-cv-2684 LKK EFB P, 2008 WL 795006 at *2 (E.D. Cal. Mar. 25, 2008) (one period of disability "cannot be 'tacked' onto another so as to artificially extend the time" for the limitations period to commence, citing Rose v. Petaluma & S.R. Ry. Co., 64 Cal. App. 213, 217 (Cal. App. 1923)); Burns v. Crook, 07-cv-1984 JLS WMC, 2008 WL 5103183 (S.D. Cal. Dec. 3, 2008) (finding that California Supreme Court intended tolled interval to be "tacked onto the end of the limitations period. . .", citing Lantzy v. Centex Homes, et al., 31 Cal.4th 363, 371 (Cal. 2003)).

Both positions are somewhat problematic. While it is correct that California law does not permit distinct disabilities or periods of disability to be strung together to extend the disability tolling period, Petaluma & S.R. Ry. Co., supra, tolling for administrative exhaustion is not a species of disability tolling. The Petaluma rule is therefore inapposite. On the other hand, the dicta from Lantzy, supra, does not support the contrary conclusion that California intends all tolling to be consecutive. In Lantzy the state Supreme Court explained that "the effect of equitable tolling is that the limitations period *stops running* during the tolling event, and begins to run again only when the tolling event has concluded." 31 Cal. 4th at 370 (emphasis in original). Therefore, "the tolled interval, no matter when it took place, is tacked onto the end of the limitations period, thus extending the deadline for suit by the entire length of time during which the tolling event previously occurred." Id. at 370-71. The language about tacking tolled intervals onto the end of the limitations period illustrates the effect of tolling on the calculation of dates. That illustration follows the description of the technical operation of tolling, which in general stops a clock that is otherwise running. Lantzy did not consider, and cannot govern, a

situation in which a limitations period is *already tolled* when an event with independent power to toll occurs.

The undersigned is aware of no California authority that provides for additional tolling in such circumstances. In federal law, equitable tolling principles generally require analysis of the total effect of co-occurring extraordinary circumstances, and tolling lasts no longer than the combination of circumstances exists. See, e.g., Calderon v. United States District Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (finding equitable tolling appropriate in habeas case on two independent grounds covering same period), cert. denied, 526 U.S. 1060 (1999). Discrete events occurring during a tolled period do not earn future tolling the way that a worker's vacation days may count toward future leave.

At any given time following the accrual of a cause of action, the limitations period is either running or it is tolled, and only a running statute can be tolled. Under California law, § 352.1(a) prevents the statute of limitations from running until two years after accrual of a prisoner's cause of action. Carlson, 87 Cal. App. 4th at 650; Fink, 192 F.3d at 914. Accordingly, the court finds that the statute of limitations was not running against plaintiff at the time he administratively exhausted his claim. Because the statute was not running, there was nothing to be tolled by the exhaustion process. The two year limitations period began to run on March 14, 2009 and expired on March 14, 2011. The complaint therefore is untimely. Defendants' motion to dismiss therefore should be granted without leave to amend.

*Sufficiency of Eighth Amendment Claims*

Because injunctive relief may not be had and the entire action is barred by the statute of limitations, amendment of the complaint is not appropriate. Therefore the court need not decide whether plaintiff has pled facts sufficient to state Eighth Amendment claims against the various defendants for inadequate medical care. A detailed analysis of the allegations and their sufficiency in light of Farmer v. Brennan, 511 U.S. 825 (1994) (establishing analytical

framework for Eighth Amendment claims involving deliberate indifference to serious medical need), is accordingly unnecessary. Several points raised in the briefing of this issue deserve notice, however.

First is that defendants, in disputing the sufficiency of the allegations, seek judicial notice of documentary evidence regarding the effects of Terazosin. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir.2003) (citations omitted). The undersigned will not pursue that course absent a proper foundation for the exhibits. Defendants have provided no foundational declarations regarding the accuracy or comprehensiveness of the exhibits. In any case, the many conflicts between plaintiff's allegations and defendants' evidentiary showing arguably raise triable issues of disputed fact. Whether or not plaintiff's injuries could have been caused by the prescribed medication is not a matter appropriate for resolution under Fed. R. Civ. P. 12(b)(6).

Second, defendants Traquina and Naku correctly argue that they are immune under the Eleventh Amendment from plaintiff's claims for damages. As the Chief Medical Officer and Chief Pharmacist of CSP-Solano, these defendants are sued in their official capacities as the parties responsible for policies governing medication advisements. The Eleventh Amendment bars claims for money damages against state actors in their official capacities. Edelman v. Jordan, 415 U.S. 651, 677 (1974); Brown v. California Dept. Of Corrections, 554 F.3d 747, 752 (9th Cir. 209). Plaintiff argues that he may nonetheless proceed against Traquina and Naku in their personal capacities for failure to take action that was necessary to prevent his injuries. The allegations of the complaint do not support a connection between the actions of these defendants and the injury to plaintiff. See Rizzo v. Goode, 423 U.S. 362 (1976); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds

1 a supervisorial position, the causal link between him and the claimed constitutional violation
2 must be specifically alleged). Vague and conclusory allegations concerning the involvement of
3 official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673
4 F.2d 266, 268 (9th Cir. 1982). Because plaintiff's allegations do not establish a causal
5 connection between specific acts or omissions of defendants Traquina and Naku and his
6 blindness, the complaint fails to state a claim against them in their individual capacities.

7 Moreover, an Eighth Amendment claims requires allegation of facts sufficient to
8 establish deliberate indifference. Deliberate indifference requires, among other things, that a
9 defendant subjectively knows of and disregards an excessive risk to inmate health and safety.
10 Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). There is nothing in the complaint to
11 support a conclusion that defendants Traquina and Naku were aware of the specific risk to
12 plaintiff allegedly posed by the prostate medication that Dr. Basi prescribed, and that they acted
13 with active disregard for that risk. For this additional reason, the Eighth Amendment claim
14 against defendants Traquina and Naku is insufficient as a matter of law and would be subject to
15 dismissal even if it were timely.

16 Because there is no realistic possibility that plaintiff could allege legally sufficient
17 claims against defendants Traquina and Naku in either their official or individual capacities, the
18 undersigned will recommend adoption of these findings as an alternative ground for dismissal.

19 The allegations against Dr. Basi and nurses Lahey and Villote, on the other hand,
20 present potentially viable claims. These three defendants were medical providers with whom
21 plaintiff interacted. Dr. Basi is alleged to have prescribed a dangerous medication without
22 advising plaintiff of the dangers or of the available alternatives, including surgery. Plaintiff
23 alleges that if he had been properly informed, he would have elected surgery and not taken the
24 Terazosin. Following Dr. Basi's advice caused him to lose his vision in one eye. Defendants
25 Basi, Lahey and Villote all allegedly failed to provide or to ensure prompt treatment when the
26

15

blindness began, resulting in permanent blindness.  As to these defendants, the complaint arguably alleges (or might allege if leave to amend were available) specific acts that caused plaintiff's injury and that were committed with deliberate indifference to plaintiff's medical need.

Defendants argue that the Terazosin was properly prescribed and did not cause plaintiff's blindness, that plaintiff received appropriate care for both his prostate and his vision, and that no defendant acted with deliberate indifference.  These issues of disputed fact might in theory be amenable to resolution on summary judgment or at trial.  The claims may not proceed, however, for the reasons previously explained.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for an entry of default and/or motion for default judgment against defendants Naku and Basi (ECF No. 21) is denied; and

2. This court is to be informed forthwith if defendant Basi has not reimbursed the United States Marshal's Service for the cost of personal service of process upon him, pursuant to the court's order at ECF No. 28;

3. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal; and

4. The Clerk of the Court is directed to correct the spelling of the names of defendant LeHay to Lahey and defendant Amrick Basi to Amrik Basi in the case docket.

IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 19) be granted, and the complaint dismissed with prejudice, on the grounds that:

1) the complaint as a whole is barred by the statute of limitations; and, in the alternative, that:

2) plaintiff's claims for injunctive relief are moot;

3) plaintiff's claims for injunctive relief in the form of a modification of prison

1 policy may proceed only pursuant to the procedure outlined in the Plata stipulation;

2     4) plaintiff fails to state a claim as to defendants Naku and Traquina.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
reec2712.mtd+