1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   CHARLES G. REECE,

12           Plaintiff,              No. 2:11-cv-2712 GEB AC P

13       vs.

14   AMRIK BASI, et al.,             ORDER &

15           Defendants.             FINDINGS AND RECOMMENDATIONS

16   _____/

17           Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief

18   pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants' motion to dismiss (ECF

19   No. 19) and plaintiff's motion for default judgment (ECF No. 21).  The motion to dismiss was

20   filed on June 21, 2012 on behalf of defendants Lahey,  Naku, Traquina and Villote, and

21   defendant Basi filed a notice of joinder (ECF No. 20) on June 29, 2012.  Plaintiff filed his

22   opposition to the motion on July 12, 2012 (ECF No. 22), and defendants subsequently replied

23   (ECF Nos. 23, 24).

24                              BACKGROUND

25           The complaint claims that defendants Dr. Amrik Basi, Nurses Lahey and Villote,

26

1

1  and Drs. Traquina and Naku subjected plaintiff to inadequate medical care at California State

2  Prison (CSP)-Solano in violation of plaintiff's Eighth Amendment rights.  Plaintiff alleges that

3  defendant Basi prescribed a medication called Terazosin for plaintiff's enlarged prostate, without

4  advising plaintiff of the medication's risks and explaining the surgical alternatives.  As a side-

5  effect of the Terazosin, plaintiff developed a blood clot that caused blindness in his left eye.

6  Defendants Basi, Lahey and Villote failed to treat the blindness, which therefore become

7  permanent.  Plaintiff contends that Dr. Traquina, the prison's chief medical officer, and Dr.

8  Naku, the chief pharmacist, failed to ensure that warning labels and/or leaflets are included with

9  prescribed medication.  Plaintiff seeks money damages and injunctive relief in the form of an

10  order that Drs. Traquina and Naku provide warning labels with all medications..

11                                        MOTION FOR DEFAULT JUDGEMENT

12            Default may be entered by the clerk when a defendant fails to plead or otherwise

13  defend.  Fed. R. Civ. P. 55(a).  However, a defendant's default does not automatically entitle the

14  plaintiff to a court-ordered judgment.  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986).

15  Default judgments are ordinarily disfavored, but may be granted in the court's discretion under

16  certain circumstances not present here.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

17  1986) (setting forth factors to be considered on motion for default judgment).  The undersigned

18  need not consider the Eitel factors because there has been no default.  The procedural history of

19  the case demonstrates that no defendant has failed to defend.

20            Plaintiff argues that he is entitled to a default judgment against defendants Naku

21  and Basi because they failed to respond to his complaint within 60 days of service.  ECF No. 21.

22  An executed waiver of service of summons was returned on behalf of defendant Naku on June

23  19, 2012.  ECF No. 18.  The waiver was dated as signed on June 11, 2012.  The waiver indicates

24  that defendant Naku was to file an answer or Rule 12 motion within 60 days of April 6, 2012.

25  The previously served defendants Lahey, Traquina and Villote requested an extension of time on

26

1   May 18, 2012 (ECF No. 16) and were granted until June 21, 2012 to file their motion to dismiss.

2   ECF No. 17.  The motion to dismiss, filed on June 21, 2012, was filed on behalf of defendant

3   Naku as well.

4          Defendant Basi noticed his joinder in the pending motion to dismiss on June 29,

5   2012, yet an executed summons indicates that defendant Basi was not served until October 9,

6   2012.  ECF No. 25.  By order filed on December 4, 2012, Dr. Basi was required to reimburse the

7   United States Marshal's Service for the cost of personal service or show cause for his failure to

8   waive service.  No statement of cause having been filed within the time provided, defendant Basi

9   should have paid costs no later than December 18, 2012.

10         Plaintiff does not demonstrate a basis for finding that either defendant is in

11  default.  Any problems with service were long ago resolved, and all defendants have appeared

12  and are actively defending by participating in the instant motion for dismissal.

13                                    MOTION TO DISMISS

14         Defendants move for dismissal of this action under Fed. R. Civ. P. 12(b)(6) on the

15  grounds that: (1) plaintiff's injunctive relief claims are moot and/or precluded by the Plata

16  prisoner class action; (2) the claims are time-barred; and (3) the complaint fails to state claims

17  under the Eighth Amendment upon which relief can be granted.

18                   *Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)*

19         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

20  a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

21  it must contain factual allegations sufficient to "raise a right to relief above the speculative

22  level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain

23  something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

24  cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

25  Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual

26

3

1  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

2  556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility

3  when the plaintiff pleads factual content that allows the court to draw the reasonable inference

4  that the defendant is liable for the misconduct alleged."  Id.

5       In considering a motion to dismiss, the court must accept as true the allegations of

6  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

7  (1976), construe the pleading in the light most favorable to the party opposing the motion and

8  resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,

9  396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific

10  facts that are necessary to support the claim.'"  National Organization for Women, Inc. v.

11  Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561

12  (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by

13  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

14       The court may consider facts established by exhibits attached to the complaint.

15  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

16  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

17  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

18  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

19  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

20  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

21       A pro se litigant is entitled to notice of the deficiencies in the complaint and an

22  opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.

23  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

24       *Availability of Injunctive Relief*

25       The complaint alleges that defendants Traquina and Narku, the officials

26

4

1   responsible for medical care policies and pharmaceutical practices at CSP-Solano, failed to

2   require warning labels and information about possible side effects to inmates receiving

3   medication.  This failure to warn was a contributing cause of plaintiff's blindness, because he

4   would not have taken Terazosin had he been aware of the risks.  Plaintiff alleges that these

5   defendants had an improper and unconstitutional policy of not providing CSP-Solano inmates

6   with the drug information that patients must receive under state and federal law.  The complaint

7   seeks injunctive relief in the form of an order requiring Drs. Traquina and Narku to provide

8   prescription medication warning labels and/or leaflet information "to all prisoners receiving

9   medication."  ECF No. 1, p. 13.

10              When plaintiff filed the instant complaint he was housed at CSP-Solano, where

11  defendants were employed and the events giving rise to this lawsuit took place.  Plaintiff has

12  since been transferred to San Quentin State Prison.  See ECF. Nos. 6-7.  An inmate's transfer

13  from a prison facility generally moots claims for injunctive relief against officials of that facility.

14  See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for injunctive

15  relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has

16  demonstrated no reasonable expectation of returning to [the prison]"); see also Sample v. Borg,

17  870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986).

18  Although plaintiff requests injunctive relief extending to all prisoners receiving medication, this

19  case is not proceeding as a class action and so the class action exception to the mootness rule

20  does not apply.  See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (inmate's release from

21  prison generally moots claims for injunctive relief related to prison policies unless suit certified

22  as class action).

23              Plaintiff effectively concedes that he can no longer proceed against defendants

24  Traquina and Naku on his claims for prospective injunctive relief.  He nonetheless seeks to

25  maintain his claims for injunctive relief against San Quentin prison officials and pharmacists for

26

1   their allegedly similar failure to provide medical information labels and leaflets with plaintiff's

2   medications.  ECF No. 22, p. 6.[1]   San Quentin officials are not defendants in this case, so this

3   court lacks jurisdiction over them and no injunctive relief can be directed to them.  If plaintiff

4   were to prevail on his claims of Eighth Amendment violations by the named CSP-Solano

5   defendants in relation to the treatment of his prostate enlargement, prescription of Terazosin and

6   subsequent blindness, his remedies would be limited to those appropriate to redress those

7   injuries.

8               To the extent that plaintiff means to allege a CDCR system-wide failure to advise

9   inmates of medication risks, defendants contend that he cannot proceed by way of an individual

10  lawsuit because he is a member of the plaintiff class in Brown v. Plata, __ U.S.__,131 S. Ct.

11  1910, 1922 (2011).  Plata is a class action of inmates in California state prisons with serious

12  medical conditions.  Plata, 131 S. Ct. at 1922.  Although plaintiff argues that he is not a class

13  member and/or that he wishes to opt out (ECF No. 22), he is necessarily a member of the Plata

14  class because he is an inmate with serious medical needs.[2]   The Ninth Circuit has held that a

15  plaintiff who is a member of a class action for equitable relief from prison conditions may not

16  maintain a separate, individual suit for equitable relief involving the same subject matter of the

17  class action.  See Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir.1979); see also McNeil v.

18  Guthrie, 945 F.2d 1163, 1165 (10th Cir.1991) ("Individual suits for injunctive and equitable

19  _____

20      [1]     Plaintiff includes a CDCR Form 22 that he filed at San Quentin complaining that
    his eyedrops had come without the warning information/leaflet.  Id. at 33.  Despite having used
21  the wrong form for his complaint, plaintiff received the label/leaflets with his next prescription
    eyedrops.  Id. at 6, 32.  However, plaintiff states that he has not received the medical
22  information labels with his blood pressure medicine, hence his intention to seek an injunction
    with respect to the San Quention Prison pharmacists.  Id. at 6. Defendants point out that if
23  plaintiff is receiving warning labels and leaflets with his eye drops but not his medication for
    hypertension, injunctive relief is moot as to that issue and, moreover, plaintiff has not alleged
24  facts showing he has been harmed by not having received the information.  Reply, ECF No. 23,
    p. 2.
25
        [2]     This court cannot grant plaintiff's request to opt out of the Plata class action.  To do
26  so, plaintiff would have to comply with the applicable procedures under Fed. Civ. P. R. 23.

1  relief from alleged unconstitutional prison conditions cannot be brought where there is an

2  existing class action"); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) ("To allow

3  individual suits would interfere with the orderly administration of the class action and risk

4  inconsistent adjudications.").

5          The Ninth Circuit has not specifically addressed whether, or to what extent, Plata

6  precludes a California inmate from pursuing an independent lawsuit for individual injunctive

7  relief regarding medical care.  This court has located only one published district court decision

8  addressing the matter.  In Burnett v. Dugan, 618 F.Supp.2d 1232 (S.D. Cal.2009), the court

9  granted preliminary injunctive relief to the plaintiff, who sought a court order requiring

10  defendants to adhere to medical instructions with respect to his housing.  The district court

11  observed that plaintiff was "not seeking relief on behalf of all the other inmates in the CDCR" or

12  seeking "broad based reform of the CDCR's medical practices which is the subject of the Plata

13  litigation; rather the injunctive relief he sought was "quite narrow and specific to Plaintiff."

14  Burnett, 618 F.Supp.2d at 1237.  In contrast, the plaintiff here seeks a systemic modification of

15  an alleged prison policy with respect to the dispersal of information labels with prescribed

16  medication.

17          Prison medical care in California is currently governed by a remedial injunction.

18  Plata, 131 S. Ct. at 1926.  In 2005, the court appointed a receiver to oversee remedial efforts in

19  light of the state's failure to comply with the injunction.  Id.  Defendants argue that if plaintiff

20  seeks system-wide injunctive relief, the Plata receiver is a necessary party because he has an

21  interest in the policies under which medications are distributed and whether leaflets should be

22  provided.  Under Fed. R. Civ. P. 19(a) (1), a party is necessary and must be joined if:

23          (A) in that person's absence, the court cannot accord complete
            relief among existing parties; or

24

25          (B) that person claims an interest relating to the subject of the
            action and is so situated that disposing of the action in the person's
            absence may:

26

1
                    (I) as a practical matter impair or impede the person's
                    ability to protect the interest; or

2

3
                    (ii) leave an existing party subject to a substantial risk of
                    incurring double, multiple, or otherwise inconsistent
                    obligations because of the interest.

4

5        Rule 19(b) provides that if an indispensable party cannot be joined, "the court

6 must determine whether, in equity and good conscience, the action should proceed among the

7 existing parties or should be dismissed."  Factors to be considered include: (1) to what extent a

8 judgment "rendered in the person's absence might prejudice the person or the existing parties";

9 2) the extent to which any prejudice could be avoided; (3) whether judgment rendered in the

10 person's absence would be adequate; and (4) whether the plaintiff would have an adequate

11 remedy if the action were dismissed for non-joinder.  Rule 19(b).  <u>See</u> <u>Disabled Rights Action</u>

12 <u>Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 879 (9th Cir. 2004).

13        As previously noted, plaintiff has not named any defendants nor stated any claims

14 that would support system-wide relief.  The complaint's prayer for injunctive relief applicable to

15 all California inmates is not supported by any allegations of an unconstitutional CDCR policy or

16 of constitutional injury to all California inmates receiving prescription medication.  Plaintiff's

17 briefing on the motion includes rhetoric in this vein, but that does not transform an individual

18 lawsuit into a class action or otherwise support systemic injunctive relief.  If the complaint did

19 allege a system-wide violation and seek system-wide injunctive relief, however, the receiver

20 would be a necessary party because he is responsible for overseeing health care operations in the

21 prisons and ensuring that delivery systems and policies comport with the Eighth Amendment.

22 The receiver is immune from suit pursuant to the <u>Plata</u> injunction, however.  <u>See</u> <u>Plata v.</u>

23 <u>Schwartzenegger, et al.</u>, 3:01-1351-THE (N.D. Cal.), ECF No. 473 (Order Appointing Receiver)

24 at 5-6 (specifying that receiver acts as officer and agent of the court, and as such is vested with

25

26

1   the same immunities that apply to the court).[3]  Because he is immune, the receiver could not be

2   joined in this action under Rule 19(a).  Dismissal under Rule 19(b) is appropriate where an

3   indispensable party is immune.  Pit River Home and Agr. Co-op Ass'n v. United States, 30 F.3d

4   1088, 1099-1100 (9th Cir. 1994).

5              For the reasons explained above, the claim for injunctive relief against defendants

6   Traquina and Naku must be dismissed as moot.  Leave to amend should not be granted because

7   (1) plaintiff cannot obtain prospective injunctive relief in this action against San Quentin

8   officials, over whom this court has no jurisdiction;[4] and (2) plaintiff may not seek system-wide

9   injunctive relief over matters within the scope of the Plata litigation.

10            *Statute of Limitations*

11            Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's

12   statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 265 (1985);

13   Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  In California, a two-year statute of

14   limitations applies.  See Cal. Code Civ. P. § 335.1; Jones, 393 F.3d at 927.  The federal court

15   also apples the forum state's law regarding tolling, including equitable tolling when not in

16   conflict with federal law.  Hardin v. Straub, 490 U.S. 536, 537-39 (1989); Fink v. Shedler, 192

17   F.3d 911, 914 (9th Cir. 1999), cert. denied, 529 U.S. 1117 (2000).  California provides that the

18   applicable limitations period is tolled for two years on grounds of "disability" when a litigant is

19   incarcerated.  Cal. Code Civ. P. § 352.1(a).  This tolling provision operates to delay the running

20   of the limitations period.  Carlson v. Blatt, 87 Cal. App. 4th 646, 650 (2001) (imprisonment tolls

21

22            [3]     Several judges of this court have found the receiver immune from suit regarding

23   the exercise of his duties, under the doctrine of quasi-judicial immunity.  See, e.g., Zelig v.
     Igbinosa, 1:11-cv-01515 LJO DLB, ECF No. 14;     Haller v. Hartley, 1:12-cv-1599 JLT, ECF

24   No. 15; Griffin v. Kelso, 2:10-cv-2525 MCE JFM, ECF No. 35.

25            [4]     Plaintiff's complaints about his medical care at San Quentin could not properly be
     joined in this action, but would have to be the subject of a separate lawsuit brought in the

26   appropriate district.

1  running of limitations period for two years from accrual of cause of action); <u>Fink</u>, 192 F.3d at

2  914 (same); <u>Ellis v. City of San Diego</u>, 176 F.3d 1183, 1189 (9th Cir. 1999) (same).

3          Plaintiff cites a 1968 case, <u>Grasso v. McDonough Power Equipment, Inc</u>., 264

4  Cal. App. 2d 597 (1968), for the proposition that his life sentence entitles him to life-long tolling.

5  Although prior to 1995 most California prisoners were entitled to tolling for the entire term of

6  their imprisonment, enactment of Cal. Code Civ. P. 352.1(a) limited the period of tolling to two

7  years. <u>Johnson v. State of California</u>, 207 F.3d 650, 654 (9th Cir. 2000).  Accordingly,

8  defendants are correct that plaintiff had four years from the accrual of his cause of action to file

9  suit.

10          Federal law governs when a cause of action accrues in the § 1983 context.

11 <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 379 (9th Cir. 1998).  A § 1983 claim accrues

12 when the plaintiff knows or has reason to know of the injury which is the basis of the action.

13 <u>Knox v. Davis</u>, 260 F.3d 1009, 1012-13 (9th Cir. 2001).  Here, defendants argue that plaintiff's

14 claim accrued on February 13 through 16, 2007, the dates that plaintiff first experienced

15 blindness in his left eye and sought medical attention for impaired vision.  The onset of

16 symptoms does not necessarily mark the accrual of the cause of action, however.  Had plaintiff's

17 blindness been temporary or reversible, there would have been no harm and no cognizable claim.

18 The complaint alleges that plaintiff learned on March 14, 2007 both that his blindness was

19 caused by the Terazosin and that the damage was by that time permanent.  Because permanent

20 blindness is the injury that forms the basis of plaintiff's claims, the claim accrued on March 14,

21 2007.  Plaintiff did not have reason to know the nature of his injury until he was seen by doctors

22 at the U.C. Davis Medical Center on March 14, 2007.  Accordingly, plaintiff's filing deadline

23 was March 14, 2011.  He filed this lawsuit on October 13, 2011,[5] seven months late.

24

25      [5]      The complaint is dated October 13, 2007, and was file-stamped in this court on
   October 14, 2007 and docketed on October 17, 2007.  The date that plaintiff submitted the
26 complaint to prison authorities for mailing is the constructive filing date for timeliness purposes.

10

1      Neither party has addressed the issue of possible equitable tolling for the time

2  during which plaintiff was exhausting his administrative remedies as required by the Prison

3  Litigation Reform Act ("PLRA").  See 42 U.S.C. § 1997e(a) (PLRA exhaustion requirement).  In

4  light of petitioner's pro se status, the undersigned considers this issue sua sponte.  The Ninth

5  Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while

6  completing the mandatory exhaustion process.  Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir.

7  2005); see also Elkins v. Derby, 12 Cal. 3d 410, 414 (Cal. 1974) (under California law, the

8  running of the limitations period is tolled during the time consumed by an administrative

9  proceeding that is prerequisite to suit).[6]  The exhibits to plaintiff's complaint demonstrate that he

10  filed an administrative grievance regarding this matter on April 4, 2007.  ECF No. 1, p. 76.  The

11  grievance was denied at the Director's Level, completing the exhaustion process, on December

12  4, 2007.  Id. at 74-75; see Barry v. Ratelle, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997) (a final

13  decision from the Director's level of review satisfies the exhaustion requirement).

14      If the eight month period during which plaintiff was pursuing his administrative

15  remedies is excluded from calculation of the four-year total period provided by the combined

16  operation of Cal. Code Civ. P. §§ 335.1 and 352.1(a), then the complaint was timely.  If the

17  period of administrative exhaustion is subsumed within the initial 2-year period of tolling for

18  disability under Cal. Code Civ. P. § 352.1(a), however, it would have no net effect on plaintiff's

19  deadline and the complaint is time-barred.  Whether the exhaustion period is properly excluded

20  from computation of the deadline is far from clear, however.  No binding authority considers the

21  question, and the unpublished district court decisions are divided.  See, e.g., Lopez v.

22

---

23  Houston v. Lack, 487 U.S. 266, 275-76 (1988); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir.
    2009).

24      [6]      See also Cal. Code Civ. P. § 356 (when the commencement of an action is stayed
25  by injunction or prohibited by statute, the time of the injunction or prohibition is not part of the
    time limited for commencement of the action).  The PLRA is a statute that prohibits
26  commencement of an action prior to exhaustion.

11

1   Schwarzenegger, 09-cv-1760 MCE GGH P, 2012 WL 78377 at * 5 (E.D. Cal. Jan. 10, 2012)

2   findings and recommendations adopted, 2:09-CV-01760 MCE, 2012 WL 671680 (E.D. Cal. Feb.

3   29, 2012) (when two or more reasons for tolling co-exist, common sense dictates concurrent, not

4   consecutive, tolling); Gutierrez v. Butler, 06-cv-2684 LKK EFB P, 2008 WL 436948 (E.D. Cal.

5   Feb. 14, 2008) findings and recommendations adopted, 06-cv-2684 LKK EFB P, 2008 WL

6   795006 at *2 (E.D. Cal. Mar. 25, 2008) (one period of disability "cannot be 'tacked' onto

7   another so as to artificially extend the time" for the limitations period to commence, citing Rose

8   v. Petaluma & S.R. Ry. Co., 64 Cal. App. 213, 217 (Cal. App. 1923)); Burns v. Crook, 07-cv-

9   1984 JLS WMC, 2008 WL 5103183 (S.D. Cal. Dec. 3, 2008) (finding that California Supreme

10   Court intended tolled interval to be "tacked onto the end of the limitations period. . .", citing

11   Lantzy v. Centex Homes, et al., 31 Cal.4th 363, 371 (Cal. 2003)).

12          Both positions are somewhat problematic.  While it is correct that California law

13   does not permit distinct disabilities or periods of disability to be strung together to extend the

14   disability tolling period, Petaluma & S.R. Ry. Co., supra, tolling for administrative exhaustion is

15   not a species of disability tolling.  The Petaluma rule is therefore inapposite.  On the other hand,

16   the dicta from Lantzy, supra, does not support the contrary conclusion that California intends all

17   tolling to be consecutive.  In Lantzy the state Supreme Court explained that "the effect of

18   equitable tolling is that the limitations period *stops running* during the tolling event, and begins

19   to run again only when the tolling event has concluded."  31 Cal. 4th at 370 (emphasis in

20   original).  Therefore, "the tolled interval, no matter when it took place, is tacked onto the end of

21   the limitations period, thus extending the deadline for suit by the entire length of time during

22   which the tolling event previously occurred."  Id. at 370-71.  The language about tacking tolled

23   intervals onto the end of the limitations period illustrates the effect of tolling on the calculation

24   of dates.  That illustration follows the description of the technical operation of tolling, which in

25   general stops a clock that is otherwise running.  Lantzy did not consider, and cannot govern, a

26

1  situation in which a limitations period is *already tolled* when an event with independent power to

2  toll occurs.

3        The undersigned is aware of no California authority that provides for additional

4  tolling in such circumstances.  In federal law, equitable tolling principles generally require

5  analysis of the total effect of co-occurring extraordinary circumstances, and tolling lasts no

6  longer than the combination of circumstances exists.  See, e.g., Calderon v. United States District

7  Court (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (en banc) (finding equitable tolling appropriate

8  in habeas case on two independent grounds covering same period), cert. denied, 526 U.S. 1060

9  (1999).  Discrete events occurring during a tolled period do not earn future tolling the way that a

10  worker's vacation days may count toward future leave.

11        At any given time following the accrual of a cause of action, the limitations

12  period is either running or it is tolled, and only a running statute can be tolled.  Under California

13  law, § 352.1(a) prevents the statute of limitations from running until two years after accrual of a

14  prisoner's cause of action.  Carlson, 87 Cal. App. 4th at 650; Fink, 192 F.3d at 914.

15  Accordingly, the court finds that the statute of limitations was not running against plaintiff at the

16  time he administratively exhausted his claim.  Because the statute was not running, there was

17  nothing to be tolled by the exhaustion process.  The two year limitations period began to run on

18  March 14, 2009 and expired on March 14, 2011.  The complaint therefore is untimely.

19  Defendants' motion to dismiss therefore should be granted without leave to amend.

20                    *Sufficiency of Eighth Amendment Claims*

21        Because injunctive relief may not be had and the entire action is barred by the

22  statute of limitations, amendment of the complaint is not appropriate.  Therefore the court need

23  not decide whether plaintiff has pled facts sufficient to state Eighth Amendment claims against

24  the various defendants for inadequate medical care.  A detailed analysis of the allegations and

25  their sufficiency in light of  Farmer v. Brennan, 511 U.S. 825 (1994) (establishing analytical

26

13

1  framework for Eighth Amendment claims involving deliberate indifference to serious medical

2  need), is accordingly unnecessary.  Several points raised in the briefing of this issue deserve

3  notice, however.

4           First is that defendants, in disputing the sufficiency of the allegations, seek

5  judicial notice of documentary evidence regarding the effects of Terazosin.  "When ruling on a

6  Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it

7  must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and

8  must give the nonmoving party an opportunity to respond."  United States v. Ritchie, 342 F.3d

9  903, 907 (9th Cir.2003) (citations omitted).  The undersigned will not pursue that course absent a

10  proper foundation for the exhibits.  Defendants have provided no foundational declarations

11  regarding the accuracy or comprehensiveness of the exhibits.  In any case, the many conflicts

12  between plaintiff's allegations and defendants' evidentiary showing arguably raise triable issues

13  of disputed fact.  Whether or not plaintiff's injuries could have been caused by the prescribed

14  medication is not a matter appropriate for resolution under Fed. R. Civ. P. 12(b)(6).

15           Second, defendants Traquina and Naku correctly argue that they are immune

16  under the Eleventh Amendment from plaintiff's claims for damages.  As the Chief Medical

17  Officer and Chief Pharmacist of CSP-Solano, these defendants are sued in their official

18  capacities as the parties responsible for policies governing medication advisements.  The

19  Eleventh Amendment bars claims for money damages against state actors in their official

20  capacities.  Edelman v. Jordan, 415 U.S. 651, 677 (1974); Brown v. California Dept. Of

21  Corrections, 554 F.3d 747, 752 (9th Cir. 209).  Plaintiff argues that he may nonetheless proceed

22  against Traquina and Naku in their personal capacities for failure to take action that was

23  necessary to prevent his injuries.  The allegations of the complaint do not support a connection

24  between the actions of these defendants and the injury to plaintiff.  See Rizzo v. Goode, 423 U.S.

25  362 (1976); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds

26

1  a supervisorial position, the causal link between him and the claimed constitutional violation

2  must be specifically alleged).  Vague and conclusory allegations concerning the involvement of

3  official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

4  F.2d 266, 268 (9th Cir. 1982).  Because plaintiff's allegations do not establish a causal

5  connection between specific acts or omissions of defendants Traquina and Naku and his

6  blindness, the complaint fails to state a claim against them in their individual capacities.

7           Moreover, an Eighth Amendment claims requires allegation of facts sufficient to

8  establish deliberate indifference.  Deliberate indifference requires, among other things, that a

9  defendant subjectively knows of and disregards an excessive risk to inmate health and safety.

10  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).  There is nothing in the complaint to

11  support a conclusion that defendants Traquina and Naku were aware of the specific risk to

12  plaintiff allegedly posed by the prostate medication that Dr. Basi prescribed, and that they acted

13  with active disregard for that risk.  For this additional reason, the Eighth Amendment claim

14  against defendants Traquina and Naku is insufficient as a matter of law and would be subject to

15  dismissal even if it were timely.

16           Because there is no realistic possibility that plaintiff could allege legally sufficient

17  claims against defendants Traquina and Naku in either their official or individual capacities, the

18  undersigned will recommend adoption of these findings as an alternative ground for dismissal.

19           The allegations against Dr. Basi and nurses Lahey and Villote, on the other hand,

20  present potentially viable claims.  These three defendants were medical providers with whom

21  plaintiff interacted.  Dr. Basi is alleged to have prescribed a dangerous medication without

22  advising plaintiff of the dangers or of the available alternatives, including surgery.  Plaintiff

23  alleges that if he had been properly informed, he would have elected surgery and not taken the

24  Terazosin.  Following Dr. Basi's advice caused him to lose his vision in one eye.  Defendants

25  Basi, Lahey and Villote all allegedly failed to provide or to ensure prompt treatment when the

26

15

1   blindness began, resulting in permanent blindness.  As to these defendants, the complaint

2   arguably alleges (or might allege if leave to amend were available) specific acts that caused

3   plaintiff's injury and that were committed with deliberate indifference to plaintiff's medical

4   need.

5          Defendants argue that the Terazosin was properly prescribed and did not cause

6   plaintiff's blindness, that plaintiff received appropriate care for both his prostate and his vision,

7   and that no defendant acted with deliberate indifference.  These issues of disputed fact might in

8   theory be amenable to resolution on summary judgment or at trial.  The claims may not proceed,

9   however, for the reasons previously explained.

10          Accordingly, IT IS ORDERED that:

11          1.  Plaintiff's request for an entry of default and/or motion for default judgment

12   against defendants Naku and Basi (ECF No. 21) is denied; and

13          2.  This court is to be informed forthwith if defendant Basi has not reimbursed the

14   United States Marshal's Service for the cost of personal service of process upon him, pursuant to

15   the court's order at ECF No. 28;

16          3.  The Clerk of the Court is directed to serve a copy of this order on the U.S.

17   Marshal; and

18          4.  The Clerk of the Court is directed to correct the spelling of the names of

19   defendant LeHay to Lahey and defendant Amrick Basi to Amrik Basi in the case docket.

20          IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 19) be

21   granted, and the complaint dismissed with prejudice, on the grounds that:

22           1) the complaint as a whole is barred by the statute of limitations; and, in the

23   alternative, that:

24          2)  plaintiff's claims for injunctive relief are moot;

25          3)  plaintiff's claims for injunctive relief in the form of a modification of prison

26

1   policy may proceed only pursuant to the procedure outlined in the <u>Plata</u> stipulation;

2          4)   plaintiff fails to state a claim as to defendants Naku and Traquina.

3          These findings and recommendations are submitted to the United States District

4   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

5   days after being served with these findings and recommendations, any party may file written

6   objections with the court and serve a copy on all parties.  Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8   shall be served and filed within fourteen days after service of the objections.  The parties are

9   advised that failure to file objections within the specified time may waive the right to appeal the

10  District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11  DATED: April 3, 2013.

12

13                                   ALLISON CLAIRE
                                     UNITED STATES MAGISTRATE JUDGE

14

AC:009
15  reec2712.mtd+

16

17

18

19

20

21

22

23

24

25

26