UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE, | No. 2:11-cv-2712 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| AMRICK BASI, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff has filed a request for case status. ECF No. 38. By Findings and Recommendations filed on April 3, 2013, the undersigned recommended that:

> [D]efendants' motion to dismiss (ECF No. 19) be granted and the complaint dismissed with prejudice on the grounds that:
>
> 1) the complaint as a whole is barred by the statute of limitations; and, in the alternative, that:
>
> 2) plaintiff's claims for injunctive relief are moot;
>
> 3) plaintiff's claims for injunctive relief in the form of a modification of prison policy may proceed only pursuant to the procedure outlined in the Plata stipulation;
>
> 4) plaintiff fails to state a claim as to defendants Naku and Traquina.

ECF No. 31 at 16-17.

1

By Order filed on May 28, 2013, the district judge rejected the finding that plaintiff's complaint was untimely, but adopted the Findings and Recommendations on all other grounds. ECF No. 36. The clerk thereafter entered judgment in this case. ECF No. 37. Entry of judgment was in error, however, because the effect of the district court's order was to dismiss plaintiff's Eighth Amendment claim only insofar as it seeks (1) injunctive relief and (2) damages from defendants Naku and Traquina. As to defendants Basi, Lahey and Villote, the undersigned had stated in the Findings and Recommendations:

> The allegations against Dr. Basi and nurses Lahey and Villote, on the other hand, present potentially viable claims. These three defendants were medical providers with whom plaintiff interacted. Dr. Basi is alleged to have prescribed a dangerous medication without advising plaintiff of the dangers or of the available alternatives, including surgery. Plaintiff alleges that if he had been properly informed, he would have elected surgery and not taken the Terazosin. Following Dr. Basi's advice caused him to lose his vision in one eye. Defendants Basi, Lahey and Villote all allegedly failed to provide or to ensure prompt treatment when the blindness began, resulting in permanent blindness. As to these defendants, the complaint arguably alleges (or might allege if leave to amend were available) specific acts that caused plaintiff's injury and that were committed with deliberate indifference to plaintiff's medical need.

ECF No. 31 at 15-16.

Accordingly, following Judge Nunley's order this action proceeds on plaintiff's claim of deliberate indifference to a serious medical condition in violation of the Eighth Amendment against defendants Basi, Lahey and Villote. Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." This correction can be ordered by the court "on motion or on its own, with or without notice." Id. The clerk will be directed to re-open this erroneously closed case. The remaining defendants must file their answer(s) within thirty days.

Accordingly, IT IS ORDERED that:

1. This case, having been closed in error due to a clerical mistake, is hereby ordered re-opened pursuant to Fed. R. Civ. P. 60(a);

2. This action proceeds on plaintiff's Eighth Amendment claim of deliberate indifference to a serious medical condition for money damages against defendants Basi, Lahey and Villote;

2

and

3. The remaining defendants must file their answer(s) within thirty days of the date of this order.

DATED: October 22, 2013

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
reec2712.ord

3