UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES G. REECE,

    Plaintiff,

  v.

AMRICK BASI, et al.,

    Defendants.

No. 2:11-cv-2712 TLN AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Pending before the court are: (1) plaintiff's requests for a default judgment against defendants Villote and Lahey, ECF Nos. 51, 57; (2) plaintiff's motion to compel production of documents from defendant Basi, ECF No. 52; and (3) defendants Villote's and Lahey's motion to withdraw admissions arising from failure to serve timely responses and for a nunc pro tunc extension of time to respond to plaintiff's discovery requests, ECF No. 58.  The motions have been fully briefed.

## BACKGROUND

This matter proceeds on plaintiff's claims for money damages against defendants Dr. Amrik Basi and Nurses Lahey and Villote, on grounds that they provided him with inadequate medical care in violation of the Eighth Amendment at California State Prison-Solano (CSP)-

Solano.[1]  Plaintiff alleges that defendant Basi prescribed a medication called Terazosin for plaintiff's enlarged prostate, without advising plaintiff of the medication's risks or explaining the surgical alternatives.  As a side-effect of the Terazosin, plaintiff developed a blood clot that caused blindness in his left eye.  Defendants Basi, Lahey and Villote failed to treat the blindness, which therefore become permanent.  See ECF Nos. 1, 31 at 2.

PLAINTIFF'S MOTION TO COMPEL

Background

Plaintiff moves to compel production of documents from defendant Basi.  Motion to Compel ("MTC"), ECF No. 52.  He appends the eighteen requests that were contained in his requests for production of documents (RFPs), Set One, and contends that defendant has objected to each and failed to produce any responsive documents.  The court construes the motion as seeking compelled responses to each of the eighteen requests.  Plaintiff has not provided defendant's objections to the requests, but defendant has submitted his responses.  Opposition ("Opp."), ECF No. 56.

The court's review of this dispute is complicated by the fact that each of plaintiff's requests for production begins with a reference to a concurrently served request for admission, e.g., "If your response to Request for Admission No. 1, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your [contrary] contentions. . ."  RFP No. 1, ECF No. 52, at 14.  Plaintiff has not provided the requests for admissions that correlate with his requests for production, however.  The court has attempted to discern the subject matter at issue in each request for production, based on the parties' submissions related to the motion.  As the moving party, however, plaintiff must bear the consequences if his motion to compel inadequately described the information he seeks.

Standards Governing Motion

The scope of discovery under Fed.R.Civ.P. 26(b)(1) is broad.  Discovery may be obtained

---

[1] Defendants Naku and Traquina have been dismissed.  ECF Nos., 31, 36.

as to "any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Id. Discovery may extend to relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1978). "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir.1998).

The court, however, may limit discovery if it is "unreasonably cumulative or duplicative," or can be obtained from another source "that is more convenient, less burdensome, or less expensive"; or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery"; or if the proposed discovery is overly burdensome. Fed.R.Civ.P. 26(b)(2)(C)(I), (ii) and (iii).

"The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery then has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at * 1 (S.D.Cal. May 14, 2009). The part opposing discovery is "required to carry a heavy burden of showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975).

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b). In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). Under Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed.R.Civ.P. 37(a)(3)(B)(iv).

////

////

3

The Requests for Production of Documents

*Request for Production No. 1*

RFP No. 1: If your response to Request for Admission No. 1, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contentions that you Amrick [sic] Basi and the second unknown doctor did not work on 2-14, 15-2007 in the four yard annex clinic.

MTC, ECF No. 52, at 14.

*Response to Request for Production No. 1*

Response: Objection. This Request lacks foundation and is vague and ambiguous in its entirety, as defendant is not making any such contention. Discovery continues.

Opp., ECF No. 56, at 5.

*Discussion*

It is unclear from the documents plaintiff has provided whether the defendant has denied working in the specified area on the specified dates, with or without another unidentified doctor. Defendant's response indicates that he has not. Accordingly, no further response can be ordered. Plaintiff's motion is denied as to RFP No. 1.

*Request for Production No. 2*

RFP No. 2: If your response to Request for Admission No. 1, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents with the name of the unknown second doctor who worked with you on Feb. 14, 15, 2007, in the four yard annex clinic.

MTC at 14.

*Response to Request for Production No. 2*

Response: Objection. This request lacks foundation, calls for speculation and is vague and ambiguous in its entirety, as defendant is not making any such contention. Discovery continues.

Opp. at 5.

*Discussion*

Plaintiff is plainly seeking the identity of another doctor who was involved in his care (or lack of care) on February 14 and 15, 2007. An interrogatory would have been a more efficient

4

way of seeking the information, which is discoverable. Defendant Basi is ordered to produce any documentation within his possession, custody or control identifying any other doctor who worked on the four yard annex clinic at any time on February 14 and/or 15 of 2007.

*Request for Production No. 3*

RFP No. 3: If your response to Request for Admission No. 2, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you were not the Plaintiff [sic] primary care provider on 12-26-2006, and that you Amrick [sic] Basi did not prescribed [sic] (Terazosin) to the Plaintiff and any document that proves you fully explained the serious side effects of taking Terazosin to Plaintiff.

MTC at 14.

*Response to Request for Production No. 3*

Response: Objection. This Request is improperly compound, lacks foundation and is vague and ambiguous in its entirety, as defendant is not making any such contention. Without waiving said objects, and subject thereto, after conducting a diligent search and reasonable inquiry, defendant does not have any such documents in his possession. Discovery continues.

Opp. at 6.

*Discussion*

Because plaintiff has not provided his Requests for Admission or defendant's responses, the court cannot determine to what extent, if any, defendant Basi (1) has denied being plaintiff's primary care provider on December 26, 2006, (2) has denied prescribing plaintiff Terazosin, or (3) has claimed that he did or did not explain potential serious side effects. The objections imply that this defendant does not deny being plaintiff's primary care provider or prescribing him Terazosin. It is likely that plaintiff already has such documentation as exists regarding the December 26, 2006, interaction. See, e.g., ECF No. 1-1 at 7, 18. In any case, despite his objections, defendant Basi represents that he has conducted a diligent search and reasonable inquiry and has no documents responsive to plaintiff's request.

Nonetheless, to ensure that plaintiff is not denied necessary discovery because he has inartfully crafted his requests, the court will order defendant Basi to produce any and all records that document his prescription of Terazosin to the plaintiff in December of 2006 and/or in January

5

of 2007, and any document(s) that reflect discussion of side-effects and/or alternatives. Defendant Basi must produce any such documents within his possession, custody or control, regardless of whether plaintiff has or has had access to such records by other means. The motion as to RFP No. 3, as modified herein, is granted.

*Requests for Production Nos. 4 through 6*

The following requests received the identical objection:

> RFP No. 4: If your response to Request for Admission No. 3, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi fully explained the prostate surgery procedure to Plaintiff on 12-26-2006.

> RFP No. 5: If your response to Request for Admission No. 4, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi did not have a constitutional duty to provide Plaintiff with prompt, proper, or any medical treatment upon request by Plaintiff or other prisoners on 2-14,15, 2007.

> RFP No. 6: If your response to Request for Admission No. 5, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi did not take the cheap way out by prescribing Terazosin on 12-26-2006 instead of prescribing or recommending the prostate surgery.

MTC at 15.

*Response to Requests for Production Nos. 4 through 6*

> Response to RFP Nos. 4-6: Objection. This Request is vague and ambiguous in its entirety, as defendant is not making any such contention.

Opp. at 6-7.

*Discussion*

Defendant Basi's objection to these RFPs is reasonable in light of the argumentative nature of the requests, the evidently unfounded assumptions on which they are based, and the overall lack of clarity in the phrasing. The substance of RFP No. 4 has been addressed in relation to RFP No. 3  No further response with respect to RFP Nos. 4-6 will be compelled.

////

6

*Requests for Production Nos. 7 through 9*

The following RFPs were received the same response (as set forth below):

RFP No. 7: If your response to Request for Admission No. 6, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi, did care about providing Plaintiff with prompt, proper medical care on 12-26-2006 and that your actions were not deliberate indifference to Plaintiff [sic] most serious medical condition.

RFP No. 8: If your response to Request for Admission No. 7, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi, did not refuse to provide Plaintiff with medical treatment on 2-14, 15, 2007, and the you did provide Plaintiff with medical treatment in 2-14, 15-2007.

RFP No. 9: If your response to Request for Admission No. 8, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi, and the unknown second doctor did not stand four feet away from Plaintiff on 2-14, 15, 2007 listening to him explain his medical condition to first LVN Mallari and then nurse Lahey then you and the unknown second doctor refused to provide Plaintiff with any medical treatment.

MTC at 16-17.

*Response to Requests for Production Nos. 7 through 9*

Response to RFP Nos. 7-9: After conducting a diligent search and reasonable inquiry, defendant does not have any such documents in his possession. Discovery continues.

Opp. at 7-8.

*Discussion*

If defendant Basi has possession, custody or control of any documentation demonstrating that he did provide medical treatment to plaintiff on February 14-15, 2007 (rather than documentation showing he did not), he must produce it to plaintiff. Defendant Basi must produce such documents regardless of whether plaintiff has or has had access to such records by other means. In all other respects, the motion as to these requests must be denied.

*Request for Production No. 10*

RFP No. 10: If your response to Request for Admission No. 9,

> served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi were not the Plaintiff [sic] primary care provider on 2-14, 15, 2007.

MTC at 17.

### Response to Request for Production No. 10

> Response: Objection. This Request is incomplete and unintelligible in its entirety. In addition, it is vague and ambiguous, as defendant is not making any such contention.

Opp. at 8.

### Discussion

As defendant Basi evidently does not contend that he was not plaintiff's primary care provider on February 14-15, 2007, he is unlikely to have documents proving that negative. Further discovery cannot be compelled with respect to these requests as framed. However, defendant Basi is ordered to produce any and all documents within his possession, custody or control that demonstrate he was plaintiff's primary care provider in February of 2007.

### Request for Production No. 11

> RFP No. 11: If your response to Request for Admission No. 10, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi did your constitutional duty and declared a medical emergency on either 2-14, 15, 2007 and sent Plaintiff to the prison primary clinic on 2-14-2007 where the prison ophthalmologist was working and who would have examined Plaintiff left eye and sent plaintiff to U.C. Davis Medical [C]enter in Sacramento, that the outcome would have been the same, Plaintiff lost [sic] of his vision.

MTC at 17.

### Response to Request for Production No. 11

> Response: Objection. This Request is vague and ambiguous in its entirety, as defendant is not making that contention at this time. Discovery continues.

Opp. at 9.

### Discussion

Since defendant Basi does not contend that he took any of the action specified in this

8

1  request, documentation showing that he did is unlikely to exist.  The motion as to this request is
2  denied.

3  *Request for Production No.12*

4  RFP No. 12:  If your response to Request for Admission No. 11, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that because of your inaction in not providing Plaintiff with any medical treatment on 2-14, 15, 2007 Plaintiff injuries associated with his eye condition from 2-14, 15, 2007 onward [sic].

8  MTC at 17-18.

9  *Response to Request for Production No. 12*

10  Response:  Objection.  This Request is unintelligible in its entirety.

11  Opp. at 9.

12  *Discussion*

13  Defendant is correct that this request is unintelligible.  Accordingly, the motion as to RFP
14  No. 12 is denied.

15  *Request for Production No.13*

16  RFP No. 13:  If your response to Request for Admission No. 12, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi did not have two opportunities on 2-14, 15, 2007 to provide Plaintiff with prompt, proper medical treatment for his serious left eye condition. That you did not refuse Plaintiff medical treatment and therefore you are not responsible for his blindness.

21  MTC at 18.

22  *Response to Request for Production No. 13*

23  Response:  Objection.  This Request is vague and ambiguous, as defendant is not making any such contention.  After conducting a diligent search and reasonable inquiry, defendant does not have documents in his possession that support his contention that he did not refuse to provide medical treatment to plaintiff at any time. Discovery continues.

27  Opp. at 9.

28  ////

9

*Discussion*

Defendant Basi has responded that he does not have any responsive documents. However, to ensure that plaintiff is not denied necessary discovery because he has inartfully crafted his requests, the court will order defendant Basi to produce any documentation in his possession, custody or control that demonstrates any medical treatment he did provide to plaintiff related to plaintiff's prostate or eye, including documentation of the dates, times and nature of the medical treatment provided. The motion as to this request, as modified, is granted.

*Requests for Production No.14 through 16, and Responses*

> RFP No. 14: If your response to Request for Admission No. 13, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that there were no register[ed] nurse [sic] working in the four yard annex clinic on 2-14-2007 with you and the unknown second doctor.

MTC at 18.

> Response: This Request is vague and ambiguous in its entirety, as defendant is not making any such contention. Discovery continues.

Opp. at 10.

> RFP No. 15: If your response to Request for Admission No. 14, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents that support your contention that you Amrick [sic] Basi did not refuse to provide Plaintiff with medical treatment on 2-15-2007 while Plaintiff and [N]urse Lahey discussed his medical condition while you and the second unknown doctor stood four feet away and did nothing to help Lahey and the you did not refuse Plaintiff medical treatment two days in a row, 2-14, 15-2007.

MTC at 18-19.

> Response: This Request is vague and ambiguous, as defendant is not making any such contention. After conducting a diligent search and reasonable inquiry, defendant does not have documents in his possession that support his contention that he did not refuse to provide medical treatment to plaintiff at any time. Discovery continues.

Opp. at 10.

> RFP No. 16: If your response to Request for Admission No. 15, served concurrently with these interrogatories, is anything other

than an unqualified admission, please produce all documents that support your contention that Plaintiff did not have a Constitutional right to know all of the serious side effects to the medication (TERAZOSIN) you prescribed nor to be fully informed about the procedure concerning prostate surgery and that it was not your job to provide Plaintiff with such information.

MTC at 19.

Response: Objection. This Request is vague and ambiguous in its entirety, as defendant is not making any such contention. Discovery continues.

Opp. at 11.

*Discussion*

No further responses can be compelled to the very awkwardly framed RFP Nos. 14-16.

*Requests for Production No 17 and 18, and Responses*

RFP No. 17: If your response to Request for Admission No. 13, served concurrently with these interrogatories, is anything other than an unqualified admission, please produce all documents with the name of the unknown nurse who worked in the four yard annex clinic on 2-14-2007.

MTC at 19.

Response: After conducting a diligent search and reasonable inquiry, defendant does not have any such documents in his possession referencing the names of the nurses that cared for plaintiff on any date, other than plaintiff's medical records which are equally available to plaintiff.

Opp. at 11.

RFP No. 18: Produce any and all documents containing the names of the unknown doctor and unknown nurse who worked on 2-14-2007 (Nurse) and 2-14, 15-2007 (Doctor).

MTC at 20.

Response: After conducting a diligent search and reasonable inquiry, defendant does not have any such documents in his possession referencing the names of the physicians that treated plaintiff on any date, other than plaintiff's medical records which are equally available to plaintiff.

*Discussion*

Defendant Basi contends in response to RFP Nos. 17 and 18 that documents identifying other medical personnel who worked at the clinic on Febuary14 and 15, 2007, are equally

11

available to plaintiff. Defendant has already been instructed, however, to produce any such documentation in his possession, custody or control with respect to other physicians. See discussion re RFP No. 2. In the interests of consistency and completeness, Defendant Basi is also ordered to produce any documents containing the names of any nurses working at that clinic on February 14, 2007. The motion as to RFP No. 17 is granted to that extent. The motion as to RFP No. 18 is denied as duplicative of RFP Nos. 2 and 17.

## PLAINTIFF'S REQUEST FOR RECONSIDERATION

On February 13, 2014, plaintiff filed an affidavit requesting entry of default as to defendants Lahey and Villote. ECF No. 47. The Clerk declined to enter default, as the defendants had answered. ECF No. 48. Plaintiff seeks reconsideration of the Clerk's action. ECF No. 51.

Rule 55(a) of the Federal Rules of Civil Procedure instructs the Clerk to enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise . . . ." Defendants Lahey and Villote filed an answer on November 20, 2013. Docket Entry No. 42. The answer was a pleading that demonstrated the defendants' intention to defend the lawsuit. Because the defendants had appeared and responded to the complaint, an entry of default was unavailable. See Direct Mail Specialists v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir. 1988). Accordingly, the Clerk acted correctly and the request for reconsideration must be denied.

It appears from plaintiff's motion for reconsideration and briefing of the discovery disputes that he has misunderstood the difference between a request for entry of default, which is governed by Rule 55, and a motion for terminating sanctions under Rule 37(b)(2). Plaintiff seeks a default *judgment* (not entry of default) on grounds that defendants failed to respond to discovery requests. Because the relief plaintiff seeks is properly understood as a discovery sanction, the court will return to the issue after addressing defendants' motion for withdrawal of admissions and for an extension of time to respond to plaintiff's discovery requests.

////

DEFENDANTS' REQUEST TO WITHDRAW ADMISSIONS

Background

Plaintiff served his interrogatories, requests for admission (RFA), and requests for production of documents (RFP) on defendants Villote and Lahey on December 9, 2013. Pursuant to an extension of time granted by the undersigned, respondents were to serve their responses no later than February 26, 2014. ECF No. 50. The responses were not served until April 25, 2014. ECF No. 58, Jamison Dec. ¶ 10 & Exhibits A, C. Defendants move for a nunc pro tunc extension of time that would render the responses timely, and to withdraw admissions effected by operation of Rule 36(a)(3).

Standards

Fed. R. Civ. P. 36 provides in relevant part as follows:

> [(a)](3) A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> . . .
>
> (b) A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 6(b)(1) provides that when an act is to be done within a specific time, "the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." The U.S. Supreme Court has established a four-part balancing test to determine "excusable neglect." See Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). The Pioneer test applies to all excusable neglect inquiries presented under the Federal Rules of Civil Procedure. Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (en banc), cert. denied, 541 U.S. 961 (2005). The

13

1   Pioneer factors include: (1) the danger of prejudice to the non-moving party, (2) the length of
2   delay and its potential impact on judicial proceedings, (3) the reason for the delay, including
3   whether it was within the reasonable control of the movant, and (4) whether the moving party's
4   conduct was in good faith. Id. The weighing of these factors is left to the discretion of the
5   district court. Id. at 860.

6       Discussion

7   Defendants have submitted a declaration of counsel which states that the discovery
8   responses were completed and signed on February 7, 2014 and provided to counsel's secretary to
9   be served on or about February 10, 2014. ECF No. 58, Jamison Dec. ¶5. When counsel received
10  notice of plaintiff's February 14, 2014 "affidavit for entry of default," which alleged that plaintiff
11  had not received the discovery, counsel emailed his secretary and was assured that the responses
12  had been served on February 12, 2014. Id. ¶¶ 6-7 & Ex. B (email exchange). Counsel assumed
13  that plaintiff simply had not yet received the responses that had been served. Id. ¶ 7. When
14  counsel received and reviewed plaintiff's second request for entry of default, which was filed on
15  April 21, 2014, he checked the file himself and was unable to locate any proofs of service. Id. ¶
16  9. Counsel's further inquiries with his secretary revealed that the responses had not been served
17  after all, but inadvertently had been filed away with the case materials. Id. ¶¶ 8-9. The discovery
18  responses, which are indeed dated February 7, 2014, were then served by mail on April 25, 2014.
19  Id. ¶ 10 & Ex. A (discovery responses), Ex. C (proof of service).

20  These facts present a classic case of excusable neglect. In Pincay, supra, the Ninth Circuit
21  found excusable neglect where a paralegal responsible for calendaring filing deadlines misread
22  the applicable rule, accordingly miscalculated the deadline, and incorrectly told the attorney that a
23  notice of appeal did not need to be filed for sixty days. Pincay, 389 F.3d at 855. The Ninth
24  Circuit, sitting en banc, held that the lawyer's delegation of the matter to a paralegal did not
25  constitute inexcusable neglect. The court went on to affirm the finding that the attorney's error
26  was excusable because there had been no prejudice and only a small delay, the delay was caused
27  by carelessness, and there was no evidence of bad faith. Pincay, 389 F.3d at 855-56. This case
28  presents analogous facts. The delay in service of the discovery requests was caused by

1  carelessness and not by bad faith.  The lawyer reasonably relied on his secretary to serve the
2  responses, and made reasonable inquiries to ensure that the discovery obligation had been met.
3  Counsel served the outstanding discovery promptly after discovering the error.
4     Any possible prejudice to plaintiff is cured by providing him an opportunity to challenge
5  the substantive sufficiency of the discovery responses and to supplement his pending motion for
6  summary judgment.  Under the circumstances, the court finds good cause to modify the
7  scheduling order accordingly.  The resulting delay, while unfortunate, is not atypical of prisoner
8  cases and will not have a negative impact on litigation of this case.  For all these reasons, the
9  defendants have demonstrated excusable neglect within the meaning of Fed. R. Civ. P. 6(b).
10  Moreover, it would be unfair to defendants Villote and Lahey if their counsel's error, which is
11  attributable to excusable neglect, resulted in admissions that relieved plaintiff of his burden of
12  proof.  Withdrawal of the admissions will promote the presentation of the merits of the claims
13  and, in light of the lack of prejudice to plaintiff, is therefore appropriate under Fed. R. Civ. P.
14  36(b).
15     For all these reasons, defendants' motion to withdraw admissions and for a nunc pro tunc
16  extension of time to served discovery responses is granted.

17                    PLAINTIFF'S REQUEST FOR TERMINATING SANCTIONS
18     As noted above, plaintiff seeks default judgment against defendants Villote and Lahey for
19  non-compliance with the rules of discovery and the operative scheduling order.  Fed. R. Civ. P.
20  37(d)(1)(A)(ii) provides that the court may impose sanctions on a party for failing to respond to
21  properly served discovery requests.  Potential sanctions include "rendering a default judgment
22  against the disobedient party. . . ."  Fed. R. Civ. P. 37(b)(2)(A)(vi).  A motion for discovery
23  sanctions must be accompanied by certification that the movant has in good faith conferred or
24  attempted to confer with the party failing to act in an attempt to obtain the responses without
25  court action.  Fed. R. Civ. P. 37(d)(1)(B).  Plaintiff has not filed the required certification.
26     Default judgment is the harshest of the Rule 37(b) sanctions, and due process requires that
27  it may not be imposed unless noncompliance with discovery procedures is due to willfulness or
28  bad faith.  Baker v. Limber, 647 F.2d 912, 918 (9th Cir. 1981).  Because there is no indication of

willfulness or bad faith here, the court need not consider the other factors that must be considered before declaring a default as a discovery sanction.[2] The undersigned has already determined that defendants' failure to timely serve discovery responses was the product of excusable neglect. Counsel did not willfully refuse to provide responses, he prepared and signed them and thought they had been served. The error was cured as soon as it was discovered, and plaintiff has now received responses to his discovery requests.

Plaintiff's frustration with the defendants in this matter is understandable, but the only prejudice he has suffered is some delay. Delay is an insufficient basis for imposition of default as a discovery sanction. Adriana Int'l. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990). Plaintiff's motion for a default judgment against defendants Villote and Lahey, construed as a motion for sanctions under Rule 37, is therefore denied. Plaintiff will be granted additional time to bring any motion to compel with respect to the discovery responses at issue.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to compel discovery, ECF No. 52, is granted in part to the extent specified above regarding Requests for Production Nos. 2-3, 7-10, 13, and 17, and is otherwise denied. Defendant Basi shall serve further responses and any responsive documents in accordance with this order within fourteen (14) days;

2. Plaintiff's motion for reconsideration, ECF No. 51, is denied;

3. Defendants Villote and Lahey's motion to withdraw admissions arising from failure to serve timely discovery responses, ECF No. 49, is granted and the deadline for moving defendants to serve responses to discovery requests is extended to April 25, 2014, nunc pro tunc;

4. Plaintiff's motion for a default judgment against defendants Villote and Lahey as a discovery sanction, ECF No. 57, is denied;

---

[2] The Ninth Circuit has set forth five factors a district court must consider before declaring a default or ordering dismissal of a case: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. Adriana Int'l. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) (citations omitted).

5. Discovery is re-opened for the limited purpose of permitting plaintiff to bring a motion to compel discovery within sixty days of the date of this order, should he choose to, with respect to the discovery responses provided by defendants Villote and Lahey;

6. The dispositive motion deadline is hereby re-set for October 16, 2014. Plaintiff will have until that date to supplement his motion for summary judgment at ECF No. 49, should he so choose, and defendants must file any cross-motion for summary judgment no later than October 16, 2014. Oppositions by all parties will be due thirty days after the dispositive motion deadline and replies will be due within twenty-one days of the service of the parties' oppositions.

DATED: June 5, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE