UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. REECE, | No. 2:11-cv-2712 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| AMRIK BASI, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff and defendants' cross-motions for summary judgment (ECF Nos. 49, 68, 72, 73) and plaintiff's motion to correct error (ECF No. 84).

Plaintiff has filed a motion to correct error in which he claims that the court erred by misinterpreting his Fourteenth Amendment claim against defendant Basi as an Eighth Amendment claim. ECF No. 84. Specifically, plaintiff argues that his claim that defendant Basi failed to warn him of the risks and side effects of Terazosin denied him his right to due process. Id. Upon screening of the complaint, the previously assigned magistrate judge found that "[t]he complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b)" and ordered service on defendants Basi, Lahey, Villote, Naku, and Traquina without specifying the claims recognized. ECF No. 8 at 2.

Defendants Lahey, Naku, Traquina, and Villote moved to dismiss the complaint on the grounds that (1) plaintiff could not state a claim for injunctive relief against Naku and Traquina; (2) the claim for damages against all defendants was time-barred; (3) plaintiff could not state an Eighth Amendment claim for damages against Naku and Traquina; and (4) plaintiff failed to state a claim for deliberate indifference as to defendants Lahey and Villote.  ECF No. 19-1.  Defendant Basi joined the motion.  ECF No. 20.  The motion to dismiss was granted on the grounds that plaintiff's claims for injunctive relief could proceed only pursuant to the procedures outlined in the Plata stipulation and were moot, and that plaintiff failed to state a claim against defendants Naku and Traquina.  ECF No. 36.

Judgment was entered in error (ECF No. 37) and in re-opening the case, the court stated that the case proceeded on plaintiff's Eighth Amendment claims of deliberate indifference against defendants Basi, Lahey, and Villote (ECF No. 39).  Because the motion to dismiss had addressed only plaintiff's Eighth Amendment claims, the court made no mention of plaintiff's Fourteenth Amendment claims in its order.  The court now clarifies for the record that the complaint states a Fourteenth Amendment claim against defendant Basi[1] for failing to inform plaintiff of the risks and side effects of Terazosin, thereby denying him his Fourteenth Amendment right to be provided the information necessary to make reasonably informed decisions about his healthcare.[2]  Because there is no error to correct, plaintiff's motion to correct will be denied as moot.

---

[1]  Plaintiff also made Fourteenth Amendment claims against defendants Naku and Traquina, but because those claims are grounded in the same facts as the Eighth Amendment claims against them, the Fourteenth Amendment claims fail for the same reasons.  See ECF No. 31.

[2]  The Ninth Circuit has held that the Fourteenth Amendment provides for the right to be "free from unjustified intrusions into the body."  Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002) (citing Riggins v. Nevada, 504 U.S. 127, 134 (1992)).  That right includes the right "to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently."  Id. (citing White v. Napoleon, 897 F.2d 103, 111 (3d Cir. 1990)); see also White, 897 F.2d at 113 ("A prisoner's right to refuse treatment is useless without knowledge of the proposed treatment.  Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting."); Pabon v. Wright, 459 F.3d 241, 250 (2d Cir. 2006) ("[T]here exists a liberty interest in receiving such information as a reasonable patient would require in order to make an informed decision as to whether to accept or reject proposed medical treatment.").

Additionally, in reviewing the cross-motions for summary judgment, the court has discovered an error in the docketing. On November 17, 2014, the Clerk of the Court filed plaintiff's opposition to defendant Basi's motion for summary judgment. ECF No. 79. Plaintiff's opposition to defendants Villote and Lahey's motion for summary judgment was received the same day, but was inadvertently identified as a courtesy copy of the opposition to defendant Basi's motion. As a result, plaintiff's opposition to Villote and Lahey's motion was never filed and defendants Villote and Lahey have not replied to the opposition.

In light of the confusion surrounding the scope of the claims against defendant Basi and the docketing error related to defendants Villote and Lahey's summary-judgment motion, the court will vacate all three pending motions for summary judgment and the parties will be given an opportunity to file new motions for summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to correct error (ECF No. 84) is denied as moot.

2. The parties' cross-motions for summary judgment (ECF Nos. 49, 68, 72, 73) are vacated.

3. The parties may file new motions for summary judgment within sixty days of the filing of this order.

DATED: September 30, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE